Case 4:21-cv-00542 Document 25 Filed on 03/29/22 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KURBY GERALD DECKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-542 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kurby Gerald Decker, formerly an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding. Decker proceeds *pro se*. Respondent filed a motion for summary judgment (Dkt. 21), and Decker filed a cross-motion for summary judgment (Dkt. 22; Dkt. 23). The motions are ripe for decision. Having reviewed the petition, the parties' filings, the applicable law, and all matters of record, the Court will grant summary judgment for Respondent and dismiss this action as moot. The Court's reasons are explained below.

### I. BACKGROUND

In May 1994, Decker was convicted of solicitation of capital murder in the 97th Judicial District Court of Clay County in Case No. 93-11-0039C-CR, and was sentenced to 30 years in TDCJ (Dkt. 1, at 2; Dkt. 21-3, at 3). He is eligible for release on mandatory supervision.

In these federal habeas proceedings, Decker does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction, Case No. 20200189737, entered on August 27, 2020. The hearing record reflects that Decker was convicted of assault on a nurse, Kimberly Raglin. At the hearing, Decker stated that the charges were retaliatory and that he had not grabbed Raglin (Dkt. 22, at 7). The hearing officer found Decker guilty of assault and punished him with the loss of 300 days of previously earned good-time credit, in addition to a change in line-class status, loss of 45 days of commissary privileges, and 45 days of cell restriction (Dkt. 1, at 4; Dkt. 22, at 7). The hearing record also reflects that the hearing officer denied his request for testimony from two persons, over objections from Decker's counsel substitute. *See* Dkt. 22, at 7 (hearing officer denied Decker's request for testimony from "Mrs. Henderson" because she was not present at the incident and from "Lt. Commander" because the person had "no direct knowledge" of the incident). Decker states that he attempted to appeal his conviction through the administrative grievance system but that his grievance was "maliciously lost" by TDCJ officials (Dkt. 1, at 5-6). He attaches a copy of his unprocessed grievance (*id*. at 18-19).

Decker's petition in this case urges twelve grounds for relief, including violations of the Due Process Clause and Equal Protection Clause. He complains of insufficient evidence; delays in the adjudication of his case; the absence of an impartial hearing officer; ineffective assistance of counsel substitute; the hearing officer's denial of his request to call several witnesses; denial of his right to confront his accuser; a conspiracy to retaliate against him; intimidation of an African-American witness; unconstitutional conditions in

solitary confinement; and "unconstitutional disciplinary procedures" previously litigated in *Ruiz v. Estelle*; among other grounds (*id*. at 6-10, 13-16).

Respondent presents evidence that Decker's disciplinary conviction was overturned while this federal habeas action was pending. An affidavit from Staci Crowley, Program Supervisor V for TDCJ's Office of Disciplinary Coordination, states that Case No. 20200189737 against Decker was overturned on June 23, 2021, and "deleted from TDCJ records" (Dkt. 21-2, at 2). Crowley avers that "[a]ll punishments resulting from disciplinary case # 20200189737 have been deleted and good time restored" (*id*.). However, Decker contests Crowley's affidavit, protesting that it "does not say any amount of good time restored" (Dkt. 22, at 2). He submits several documents that appear to be printouts of TDCJ records calculating his sentence and time credits, some generated before his disciplinary conviction and some after, which show changing calculations.[1] He also submits records from August 2021, after his conviction was overturned, which show that TDCJ had restored 300 days of good-time credits to his record.[2]

---

[1] *See id*. at 8 (record dated Mar. 18, 2019, generated before the disciplinary conviction at issue in this action, reflects 300 days of lost good-time credit; accumulated good-time credits totaling 26 years, 5 months, and 9 days; a "minimum expiration" date of April 28, 2021; and a "maximum expiration" date of April 28, 2039); *id*. at 9 (record dated Sept. 15, 2020, generated after the disciplinary conviction at issue in this case, reflects 615 days of lost good-time credit; a notation about a penalty for assault on an officer; accumulated good-time credits of 26 years, 7 months, and 13 days; a projected release date of May 23, 2022; and a maximum expiration date of April 28, 2039).

[2] *See* Dkt. 23, at 6 (printout dated Aug. 16, 2021, notes that Case No. 20200189737 was deleted on June 23, 2021; that "S3 status" and 300 days good-time credit had been restored; and a "minimum expiration" date of Jan. 31, 2022); *id*. at 7 (second form dated Aug. 16, 2021, shows a projected release date of Jan. 31, 2022, 315 days of lost good-time credits, and total earned good-time credits of 28 years, 5 months, and 25 days).

Decker appears to complain that, even after the restoration of good-time credits in connection with Case No. 20200189737, his record still showed some lost good-time days. He maintains that "all punishment has [not] been restored to Petitioner, precluding Respondent's motion for summary judgment" (Dkt. 22, at 5). He further argues that, if "all" punishment had been restored as Crowley states, his discharge date would be April 28, 2021, which is the "minimum expiration" date shown on the printout from March 18, 2019 (Dkt. 23, at 3).

Decker recently notified the Court of a new address in Missouri (Dkt. 24). Publicly available online records demonstrate that Decker is no longer incarcerated in TDCJ. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/start.action (last visited March 29, 2022).

## II. LEGAL STANDARDS

### A. *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

### B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc*., 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up).

### C. Prison Disciplinary Proceedings

The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) & § 2254(a); *Brecht v. Abrahamson,* 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness") (cleaned up). To prevail, a habeas corpus petitioner must establish a constitutional violation.

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations

are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin,* 515 U.S. at 487. *See also Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

## III. <u>ANALYSIS</u>

Respondent argues that this habeas action must be dismissed as moot because there is no ongoing controversy between the parties. Mootness is essential to the constitutional case-or-controversy requirement and therefore to the court's subject-matter jurisdiction. *See Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021); *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co*., 704 F.3d 413, 424-25 (5th Cir. 2013). The mootness doctrine "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). When intervening circumstances "render the

court no longer capable of providing meaningful relief to the plaintiff," mootness applies. *Ctr. for Biological Diversity*, 704 F.3d at 425; *see Kerley v. Stephens*, No. 4:14-CV-3491, 2015 WL 6694074, at *2 (S.D. Tex. Nov. 2, 2015)

In this case, Decker appears to argue that the restoration of good-time credits was incomplete, and therefore his claims are not moot. He apparently is complaining that TDCJ had not restored all previously forfeited good-time credits, including those with no connection to Case No. 20200189737. However, Decker's only claim for relief in this habeas action is his claim for relief from his conviction in Case No. 20200189737. Respondent presents competent summary judgment evidence demonstrating that all punishment resulting from Case No. 20200189737 has been reversed, including the loss of 300 days of good-time credits (Dkt. 21-2, at 2), and Decker has not demonstrated a genuine issue of material fact on the issue. Because the record before the Court demonstrates that all penalties from Case No. 20200189737 have been reversed, the Court can grant no further relief to Decker in this habeas action. *See Ctr. for Biological Diversity*, 704 F.3d at 425; *Kerley*, 2015 WL 6694074, at *2.

To the extent Decker brings retaliation claims or other claims typically brought under 42 U.S.C. § 1983, his claims will be dismissed. 28 U.S.C. § 2254 authorizes a habeas petition on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal habeas corpus statutes provide an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier

7 / 9

release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973) (clarifying the scope of federal habeas review). However, habeas review is not generally available to challenge conditions of confinement. *See Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017) ("Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement."). Decker's civil-rights claims are not actionable in a habeas corpus petition under § 2254.

## IV.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

**V.     CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1. Respondent's motion for summary judgment (Dkt. 21) is **GRANTED**.

2. Petitioner's cross-motion for summary judgment (Dkt. 22) is **DENIED**.

3. The petition for a writ of habeas corpus is **DENIED** and this case is **DISMISSED with prejudice**.

4. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on ____March 29____, 2022.

                                                                                                                   ___George C. Hanks Jr.___
                                                                                                                   GEORGE C. HANKS, JR.
                                                                                                                   UNITED STATES DISTRICT JUDGE