United States District Court
Southern District of Texas
**ENTERED**
May 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KURBY GERALD DECKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21-542 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kurby Gerald Decker, formerly an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary conviction in Case No. 20200189737.  On March 29, 2022, this Court granted summary judgment for Respondent and dismissed Decker's habeas petition as moot (Dkt. 25; Dkt. 26).  On April 14, 2022, Decker filed a timely motion to correct the judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 27).

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment.  A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Decker's pending motion for reconsideration argues that this Court's dismissal order relied on grounds not raised by Respondent in his summary judgment motion. He does not clearly identify the grounds to which he refers. In any event, the Court dismissed Decker's habeas petition as moot after determining, as argued by Respondent, that Decker failed to show a genuine issue of material fact as to whether all punishment from Case No. 20200189737 had been reversed (Dkt. 25, at 7).

Decker also argues that Respondent did not restore all punishment from Case No. 20200189737, in particular, "reduction in time earning classification" (Dkt. 27, at 2). Decker raised the same issue before judgment, contesting Respondent's evidence and arguing that "all" punishment had not been restored because his record still reflected some lost good-time credits. The Court previously rejected this argument (Dkt. 25, at 7).

Decker's motion does not demonstrate newly discovered evidence or an error of law or fact that could justify relief under Rule 59(e). *See Rodriguez*, 695 F.3d at 371. Rather, he raises arguments that were made, or could have been made, before the judgment issued. Because his arguments do not show that the Court erred in dismissing his petition as moot, his motion for reconsideration (Dkt. 27) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on  May 17 , 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE